United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY BROWN, et al.,
Plaintiffs,
v.
WEBMD LLC,
Defendant.

Case No. 26-cv-02920-AMO

**ORDER GRANTING MOTION TO TRANSFER**

Re: Dkt. No. 10

Before the Court is Defendant WebMD LLC's motion to transfer venue. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for September 15, 2026, is VACATED. *See* Civil L.R. 7-1(b); Fed. R. Civ. P. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **GRANTS** the motion to transfer, for the following reasons.

## I. BACKGROUND

Plaintiffs Mary Brown, Melanie Lynne Rhine, and Denise Bowen are all residents of California. Dkt. No. 1 ("Compl.") ¶¶ 7-9. Plaintiffs Brown and Rhine reside in the Northern District; Bowen resides in the Central District. *Id.* WebMD is a Delaware limited liability company headquartered in New Jersey. Dkt. No. 10 at 1.

Plaintiffs allege that WebMD violated California consumer privacy and other state laws by aiding third parties in the collection of user data against users' explicit declination. Compl. ¶ 1.[1] WebMD integrated into its website tools and content from third parties that contain cookies, i.e.

[1] In considering the motion to transfer, the Court may consider evidence outside of the pleadings, but it "draw[s] all reasonable inferences and resolve factual conflicts in favor of the non-moving party." *Hamer v. JP Morgan Chase Long-Term Disability Benefit Plan*, No. 22-CV-06886-LB, 2023 WL 4053801, at *5 (N.D. Cal. June 16, 2023); *see also Halcyon Syndicate Ltd., LLC v. Graham Beck Enterprises (PTY), Ltd.*, No. 19-cv-04278-JCS, 2020 WL 4051865, at *19 (N.D. Cal. July 20, 2020).

files that store user web browser information and other related data that may be accessed by third parties. *Id.* ¶ 22. Plaintiffs explain that, when California users visited WebMD's website, users received a pop-up banner explaining that users could choose to not allow cookies by turning off non-essential third party tracking through the "Manage Preferences" window on the website.[2] *Id.* ¶ 34. Plaintiffs "turned off the 'Sale of Personal Data' setting, thereby indicating their choice and/or agreement to decline or reject all cookies and tracking technologies in use on the Website, except those 'Strictly Necessary' for the Website to function, and then clicked 'Confirm My Choices[.]' " *Id.* ¶ 37. Despite the website's declaration that third-party cookies would not be placed on their computer or transmitted to third parties, WebMD allowed third parties to collect data about users. *Id.* ¶ 41. The complaint names Google, *id.* ¶ 53, Adobe, *id.* ¶ 67, and Teads, *id.* ¶ 75, as third parties that gained access to Plaintiffs' data through WebMD's website.

Plaintiffs filed this putative class action on April 3, 2026. *See* Compl. The complaint proposes a class of "[a]ll persons who browsed the Website in the State of California after rejecting unnecessary cookies by turning off the 'Sale of Personal Data' setting or toggle in the Website's 'Manage Preferences' window." *Id.* ¶ 126. It includes six causes of action – common law claims for invasion of privacy and intrusion upon seclusion, wiretapping under California Invasion of Privacy Act ("CIPA") Cal. Penal Code § 631, use of a pen register device in violation of CIPA § 638.51, a common law claim for fraud, deceit, and/or misrepresentation, and unjust enrichment. *See generally* Compl.

WebMD filed this motion to transfer or, in the alternative, dismiss, on April 30, 2026. Dkt. No. 10. On May 14, 2026, Plaintiffs filed an opposition, Dkt. No. 20, and WebMD's reply followed on May 21, 2026, Dkt. No. 21.

[2] The parties dispute whether the website changes based on the user's location – Plaintiffs allege that the website presents a different banner for California residents; WebMD asserts that the website remains the same for all users. Dkt. No. 20 at 7 (citing Compl.). The Court accepts as true Plaintiffs' allegations. *Hamer*, 2023 WL 4053801, at *5 (Resolving factual conflicts in favor of the non-moving party.).

United States District Court
Northern District of California

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A party seeking transfer bears the burden of showing a transfer is warranted. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir.1979).

In assessing a Section 1404 motion to transfer, a court must first determine whether the case could have been brought in the transferee district. *State v. Bureau of Land Mgmt.*, 286 F. Supp. 3d 1054, 1059 (N.D. Cal. 2018) (citing 28 U.S.C. § 1404(a)). The court then considers convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The private interest factors that aid courts in determining whether a matter is appropriate for transfer include:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.

*Saunders v. USAA Life Ins. Co.*, 71 F. Supp. 3d 1058, 1060 (N.D. Cal. 2014). Courts may consider additional factors, including public interest factors such as the local interest in the controversy. *See, e.g.*, *Walters v. Famous Transports, Inc.*, 488 F. Supp. 3d 930, 936 (N.D. Cal. 2020). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013) (citations omitted).

## III. DISCUSSION

As noted above, the first of two steps in assessing transfer under Section 1404 considers whether the proposed transferee venue is one in which the case could have originally been filed. Here, WebMD proposes transfer to the District Court for the District of New Jersey, where it is headquartered and subject to general jurisdiction. Plaintiffs do not dispute that the lawsuit could have originally been brought in New Jersey.

United States District Court
Northern District of California

With this first step satisfied, the Court turns its analysis on the convenience and fairness factors to determine whether transfer is warranted.

**A. State most familiar with the governing law**

Although Plaintiffs' complaint alleges violations of California law, "federal courts are deemed capable of applying the substantive law of other states," and accordingly, "this factor is to be accorded little weight." *Adam v. CaringBridge, Inc.*, No. 25-cv-06042-WHO, 2025 WL 3493565, at *5 (N.D. Cal. Dec. 5, 2025). Nevertheless, courts still acknowledge that California district courts are more familiar with California law than federal courts of other states. *Balestrieri v. SportsEdTV, Inc.*, No. 25-cv-04046-SK, 2025 WL 2776356, at *5 (N.D. Cal. Sept. 16, 2025); *Visier, Inc. v. iCIMS, Inc.*, No. 24-cv-07544-SVK, 2025 WL 589036, at *4 (N.D. Cal. Feb. 24, 2025) ("Although the New Jersey court is presumably capable of applying California law, it is self-evident that this Court is more familiar with that law."). Here, Plaintiffs assert claims under California law and seek to certify a California-only class.[3] Dkt. No. 20 at 8. Thus, this factor weighs slightly against transfer.

**B. Plaintiff's choice of forum**

"Although great weight is generally accorded plaintiff's choice of forum, when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citation omitted). In particular, courts give a lesser degree of deference to a plaintiff's choice of forum where "(1) the plaintiff's venue choice is not its residence; (2) the conduct giving rise to the claims occurred in a different forum; [and] (3) the

[3] Plaintiffs and WebMD disagree on whether the class definition includes non-California residents. Plaintiffs state that the class definition is intended to only include California residents. Dkt. No. 20 at 6, n.2. Plaintiffs allege that WebMD's website discerns California users from others by using IP addresses and geolocation tools, Compl. ¶¶ 20-21, 29, and presents to them a cookie consent banner and privacy settings to comply with California law. *Id.* ¶ 37 ("Sale of Personal Data . . . Under applicable state privacy laws, you have the right to opt-out of the sale of your personal information to third parties."). For purposes of this analysis, the Court accepts Plaintiffs' representation as to the scope of the putative class. *See Walsh v. Dollar Tree Stores, Inc.*, No. 25-cv-01601-SVK, 2025 WL 2939229, at *9 (N.D. Cal. Oct. 16, 2025) ("although [defendant] argued that [plaintiffs' class definition] would include non-residents who browsed [defendant's] websites while 'transiting through California,' . . . Plaintiffs are masters of their complaint and, as the Court noted, it is not an unfair reading to suggest that the class is limited to California citizens. The Court will accept Plaintiffs' representation on this matter.").

plaintiff sues on behalf of a putative class." *Park*, 964 F. Supp. 2d at 1094 (internal citations omitted). Here, although two named plaintiffs reside in the Northern District of California, one named plaintiff resides in the Central District of California. Compl. ¶¶ 7-9. Turning next to the locus of conduct, the alleged violations in Plaintiffs' complaint are based on decisions made and implemented in New Jersey. Compl. ¶¶ 139, 148, 167, 175, 181, 188-90; *see also* Dkt. No. 10 at 6. Third, Plaintiffs sue on behalf of a putative class. Compl. ¶ 126. Accordingly, the Court concludes that Plaintiffs' choice of forum should be given less weight than the great weight typically accorded.

In determining the appropriate amount of weight to give plaintiff's choice of forum in a putative class action, "courts routinely consider the location and concentration of putative class members in deciding motions to transfer." *Garlough v. Trader Joe's Co.*, No. 15-cv-01278-TEH, 2015 WL 4638340, at *3 (N.D. Cal. Aug. 4, 2015); *see, e.g.*, *Seifi v. Mercedes-Benz USA, LLC*, No. 12-cv-5493-TEH, 2013 WL 1345132, at *2 (N.D. Cal. Apr. 2, 2013) ("Although the convenience of the forum to [named plaintiffs] weighs less heavily than it would have were this case not pled as a class action, the Northern District of California is indisputably a more convenient forum for members of the proposed class of California [residents], as well as for the named plaintiffs and their witnesses."). "[C]ourts still accord 'the plaintiffs' choice of forum . . . significant weight, so long as the named plaintiffs actually reside in or have some connection to the chosen forum.' " *Heredia v. Sunrise Senior Living LLC*, No. 18-cv-00616-HSG, 2018 WL 5734617, at *5 (N.D. Cal. Oct. 31, 2018) (quoting *Garlough*, 2015 WL 4638340, at *3). Here, Plaintiffs bring a suit on behalf of a putative class of California residents only, and two of the named plaintiffs reside in the Northern District of California. Thus, the Court grants some deference to Plaintiffs' choice of forum even though Plaintiffs represent a class. Based on the combination of Plaintiffs' California residence, including two within this District, and a California-only putative class, the Court concludes that Plaintiffs' choice of forum moderately weighs against transfer.

### C. Parties' and claims' contacts with the forum

The conduct giving rise to the Plaintiffs' claims arises out of alleged fraudulent statements

and invasive conduct that originated and occurred at the WebMD headquarters in New Jersey. Compl. ¶¶ 139, 148, 167, 175, 181, 188-90. Thus, Plaintiffs' claims have stronger contacts with the forum where WebMD's headquarters are located because the headquarters are "the factual center of th[e] case, and the locus of all relevant decision-making." *In re Yahoo! Inc.*, No. CV07-3125CAS(FMOX), 2008 WL 707405, at *9 (C.D. Cal. Mar. 10, 2008).

Plaintiffs contend that their claims give rise to contacts in the Northern District of California because the website presented a privacy banner directed specifically to California users, the website installed cookies and surreptitiously accessed data from their devices in California, and third party companies headquartered in the Northern District of California intercepted users' data. Dkt. No. 20 at 6-7. Although Plaintiffs were injured while in California, their presence in California does not outweigh the fact that the relevant decision-making occurred in New Jersey. *Aleisa v. Gojo Indus., Inc.*, No. 2:20-CV-01045-AB-AGR, 2020 WL 6826475, at *2 (C.D. Cal. Oct. 19, 2020). None of the alleged decisions or actions that constitute the basis of this action occurred in California. *Moreno v. Johnson & Johnson Consumer Inc.*, No. 2:21-cv-02666-AB-PVC, 2021 WL 12302429, at *3 (C.D. Cal. Oct. 5, 2021). Because a substantial portion of the most important contacts and conduct relating to the causes of action happened in New Jersey, this factor weighs heavily in favor of transfer.

**D. Ease of access to sources of proof**

The sources of proof in this action will include witness testimony and documentary evidence. Dkt. No. 10 at 7-8; Dkt. No. 20 at 9. The Court considers ease of access to each source.

Regarding witness testimony, "[t]he relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009) (internal citation omitted). "The convenience of non-party witnesses is a more important factor than the convenience of party witnesses." *Id.* "Convenience of a litigant's employee witnesses is entitled to little weight because they can be compelled by their employers to testify regardless of venue." *Brown v. Abercrombie & Fitch Co.*, No. 4:13-cv-05205 YGR, 2014 WL 715082, at *4 (N.D. Cal. Feb. 14, 2014).

Here, Plaintiffs contend that WebMD fails to meet its burden of showing that this factor favors transfer because anticipated non-party witnesses – Google and Adobe employees – reside in the Northern District of California. Dkt. No. 20 at 8. However, Plaintiffs do not specifically identify any non-party witnesses, in the Northern District or otherwise, who will be inconvenienced by transfer. Instead, Plaintiffs have summarily concluded non-party witnesses must be in this district because their employers are headquartered here. *See, e.g.*, *Hyundai Motor Co. v. Hyundai Tech. Grp., Inc.*, No. 23-cv-01410-JST, 2023 WL 11950485, at *4 (N.D. Cal. Sept. 11, 2023) (holding that the "[p]laintiffs' showing is insufficient to establish that these unidentified representatives would be inconvenienced by proceedings in the Central District" because the "[p]laintiffs do not state the representatives themselves reside in the Northern District, only that their employers do[,]. . . [p]articularly given that the companies in question are national or international in size[.]") (emphasis in original). Absent any identified non-party witnesses, this factor turns on the convenience of party witnesses. *Moreno*, 2021 WL 12302429, at *2-3. WebMD names several key employee witnesses, "including individuals involved in website creation and website-related services pertaining to the Website, as well as the senior leadership and decision makers overseeing these functions" who are located in New Jersey, and whose testimonies will provide relevant evidence. Dkt. No. 10 at 8. For all employee witnesses, a New Jersey venue would be more convenient than the Northern District of California. *Moreno*, 2021 WL 12302429, at *2. Accordingly, the Court finds that ease of access to witnesses weighs more heavily toward transfer.

Turning to documentary evidence, "[t]he location of evidence may be an important factor in a convenience and fairness analysis. . . [but], this factor is neutral or carries only minimal weight when the evidence is in electronic form." *Abercrombie & Fitch Co.*, 2014 WL 715082, at *5. WebMD claims that corporate records are located in New Jersey. Plaintiffs counter that books and records may be produced electronically from remote locations. Dkt. No. 20 at 9. Nonetheless, the Court does not wholly discount the accessibility of evidence because, "[a]lthough the ease of electronic discovery reduces the importance of this factor, costs of litigation can still be substantially lessened if the venue is in the district in which most of the documentary evidence is

stored." *United States ex rel. Tutanes-Luster v. Broker Sols., Inc.*, No. 17-CV-04384-JST, 2019 WL 1024962, at *6 (N.D. Cal. March 4, 2019) (citation omitted). Considering that most important documentary evidence is in New Jersey, while acknowledging the benefits of electronic discovery, the Court finds that the ease of access to documents and records slightly favors transfer.

**E. Costs of litigation**

"Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify, and the convenience of the witnesses is often the most important factor in resolving a motion to transfer." *Park*, 964 F. Supp. 2d at 1095. WebMD claims that the key witnesses and evidence are located in New Jersey. Dkt. No. 10 at 9. Plaintiffs counter that this action will include depositions of and testimonies by third parties located in the Northern District of California. Dkt. No. 20 at 9. Neither party shows that the prospective costs of litigation would be greater in their preferred venue. Based on the parties' anticipated witnesses, the Court finds it plausible that costs of litigation will likely be similar in either venue. Thus, the Court concludes that this factor is neutral.

**F. Local interests in the controversy**

WebMD contends that New Jersey has "substantial interest in regulating the conduct of businesses operating within its borders and addressing allegedly intrusive practices originating in the state." Dkt. No. 10 at 9. Plaintiffs assert that the Northern District has a local interest in "protecting California consumers' data privacy rights and in regulating businesses that collect consumer data throughout California, including California businesses collecting California users' data." Dkt. No. 20 at 10 (parenthetical omitted). Although California courts have an interest in protecting the rights of California consumers, New Jersey likewise has an interest in preventing invasive and fraudulent conduct. *See, e.g.*, *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1216-17 (S.D. Cal. 2013). Despite Plaintiffs' allegations that third party California businesses participated in the collection of user data, this suit has only one defendant, WebMD, which is located in New Jersey. This lawsuit centers on conduct and decision-making that occurred in New Jersey, not on the injuries that were experienced in California. Thus, the transferee venue's interest in regulating WebMD's business practices are greater than the Northern District of

California's interest in this matter.

* * *

Overall, the Court finds that WebMD has met its burden of showing that the balance of convenience and the interest of justice weighs in favor of transfer. While the Court's familiarity with the governing law and Plaintiffs' choice of this forum weigh against transfer, the other factors, including the ease of access to witnesses and evidence, the contacts with the transferee forum, and the District of New Jersey's interest in the controversy weigh more greatly in favor of transfer.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's motion to transfer venue. Accordingly, the Court declines to rule on Defendant's motion to dismiss, Dkt. No. 10, and the Court **TERMINATES** that motion without prejudice to refiling in the proper forum. The Clerk shall transfer the case to the U.S. District Court for the District of New Jersey and close the case.

**IT IS SO ORDERED.**

Dated: September 11, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**